# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ASHRAF MOSTAFA, | * |
| | *    No. 16-1558V |
|     Petitioner, | *    Special Master Christian J. Moran |
| v. | * |
| | * |
| SECRETARY OF HEALTH | *    Filed: May 20, 2025 |
| AND HUMAN SERVICES, | * |
| | * |
|     Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

<u>Amy A. Senerth</u>, Muller Brazil, LLP, Dresher, PA, for Petitioner;
<u>James V. Lopez</u>, United States Dep't of Justice, Washington, D.C., for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS[1]**

    Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $169,401.34 in attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and was entitled to the full amount requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Petitioner's attorney, attorney staff, and experts have requested hourly rates that are consistent with the rates previously awarded and/or reasonable. The number of hours is reasonable. Thus, the amount requested is reasonable.[2]

Petitioner is awarded $169,401.34 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Petitioner's expert, Dr. Nizar Souayah, prepared an invoice that lacked details. The Secretary's failure to object factors into a finding that Dr. Souayah's expense is reasonable. Nevertheless, Dr. Souayah should describe his activities more specifically and divide his time entries into smaller units. See Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 781-83 (2013).

Similarly, petitioner's second expert, Dr. Maria Fangchun Chen, should have also noted when she performed various tasks. Petitioner's attorney should inform Dr. Souayah and Dr. Chen about these concerns.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.